IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No. 00–cv–02303-EWN-CBS

SHEILA G. KEELAN,

    Plaintiff,

v.

DENVER MERCHANDISE MART, a Colorado corporation,

    Defendant.

_____

**ORDER AND MEMORANDUM OF DECISION**
_____

    This was an employment discrimination case. Plaintiff Sheila Keelan alleged that Defendant Denver Merchandise Mart discriminated against her on the basis of her sex in violation of Title VII. This court entered amended final judgment on September 9, 2004 in favor of Plaintiff on her discriminatory termination claim, in favor of Defendant on Plaintiff's terms and conditions of employment claim, and awarded Plaintiff no damages. This matter is before the court on (1) "Plaintiff's Application for Award of Attorneys' Fees and Costs," filed September 14, 2004, (2) "Defendant's Motion for Costs Pursuant to 42 U.S.C. 2000e–5(k) and Rule 68, C.R.C.P. [sic]," filed September 14, 2004, (3) "Plaintiff's Motion to Review Taxation of Costs," filed October 7, 2004, and (4) "Defendant's Motion to Review Taxation of Costs," filed October 8, 2004. Jurisdiction is based on 28 U.S.C. § 1331 (2004).

*1.    Procedural History*

This matter was tried before a jury from November 3, 2003 to November 7, 2003.  (Am. Final J. [filed Sept. 9, 2004] [hereinafter "Am. Final J."].)  On September 9, 2004, this court entered the following amended final judgment,

> 1. Pursuant to the order for entry of judgment on a jury verdict . . .
>    a. With respect to the claim of discriminatory termination, the jury answered as follows:
>       1. Was Plaintiff Keelan terminated from employment by Defendant?
>          Answer: Yes.
>       2. Was Plaintiff's gender a motivating factor in Defendant's decision to terminate Plaintiff's employment?
>          Answer: Yes.
>       3. Would Plaintiff Keelan have been terminated from employment even in the absence of consideration of Plaintiff's gender?
>          Answer: Yes.
>    b. With respect to the terms and conditions of employment, the jury answered as follows:
>       1. Was Plaintiff Keelan subject to intentional discrimination in terms of conditions of her employment?
>          Answer: No.
>       2. Was Plaintiff's gender a motivating factor in Defendant's actions for Plaintiff with respect to the terms and conditions of her employment?
>          Answer: No.
>    c. Judgment is entered in favor of plaintiff . . . and against defendant . . . on her claim of discriminatory termination.  Plaintiff . . . is not entitled to damages or other relief.  Judgment in all other respects is entered in favor of defendant . . . and against plaintiff. . . .
> 2. Plaintiff has eleven days from the date of the Court's Order and Memorandum of Decision, filed September 3, 2004, to submit her application for attorneys' fees and her bill of costs related to her claim of discriminatory treatment.  Defendant is entitled to its costs regarding plaintiff's terms and conditions of employment claim and must file a renewed bill of costs within eleven days from

>the date of the order.

(*Id.*)

On September 14, 2004, Plaintiff filed her application for an award of attorneys' fees and expenses. (Pl.'s Application for Award of Att'ys' Fees and Costs [filed Sept. 14, 2004] [hereinafter "Pl.'s Mot. for Att'ys' Fees"].) On the same day, Defendant filed a motion for its expert fees. (Def.'s Mot. for Costs Pursuant to 42 U.S.C. 2000e–5(k) and Rule 68, C.R.C.P. [sic] [filed Sept. 14, 2004] [hereinafter "Def.'s Mot. for Expert Fees"].)

On September 30, 2004, the clerk taxed costs of $823.53 in favor of Plaintiff and $1,785.44 in favor of Defendant. (Pl.'s Mot. to Review Taxation of Costs, Ex. 2 [Bill of Costs] [filed Oct. 7, 2004] [hereinafter "Pl.'s Costs Mot."]; Def.'s Mot. to Review Taxation of Costs, Ex. B [Revised Bill of Costs] [filed Oct. 8, 2004] [hereinafter "Def.'s Costs Mot."].) On October 7, 2004, Plaintiff moved the court to review the clerk's taxation of costs, and on October 8, 2004, Defendant moved the court to review the clerk's taxation of costs. (Pl.'s Costs Mot.; Def.'s Costs Mot.) Plaintiff requests costs of $2,882.79, and Defendant requests costs of $4,763.52. (*Id.*) All four of these pending motions are now fully briefed.

## 2. *Plaintiff's Attorneys' Fees and Expenses*

Plaintiff moves for attorneys' fees and expenses of $161,283.72. (Pl.'s Mot. for Att'ys' Fees at 8.)[1] Title VII permits the district court to award attorneys' fees in a mixed motive case.

---

[1]Plaintiff refers to these expenses as costs. (Pl.'s Mot. for Att'ys' Fees. at 6.) As a general rule, "items that are normally itemized and billed in addition to the [attorney's] hourly rate should be included in [attorneys'] fee allowances in civil rights cases if reasonable in amount." *Ramos v. Lamm*, 713 F.2d 546, 559 (10th Cir. 1983) (footnote omitted), *overruled on other grounds*, *Pa. v. Del. Valley Citizens' Council For Clean Air*, 483 U.S. 711, 725 (1987). Such items are generally referred to as expenses. *Id.* This use of the term expenses should be

42 U.S.C. § 2000e–5(g)(2)(B) (2004); *Gudenkauf v. Stauffer Communications, Inc.*, 158 F.3d 1074, 1077–81 (10th Cir. 1998). Where a jury determines that the defendant's decision to terminate the plaintiff's employment was motivated in part by an unlawful reason, but the defendant would have terminated the plaintiff in any event, the plaintiff "should ordinarily be awarded attorney's fees in all but special circumstances." *Gudenkauf*, 158 F.3d at 1081. Since I have already determined that no special circumstances exist, (Order and Mem. of Decision at 6 [filed Sept. 3, 2004] [hereinafter "Order"]), Plaintiff is entitled to attorneys' fees.

Next, the court must determine the reasonableness of the attorneys' fee request.

> To determine the reasonableness of a fee request, a court must begin by calculating the so-called "lodestar amount" of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a "reasonable" fee. The lodestar calculation is the product of the number of attorney hours "reasonably expended" and a "reasonable hourly rate."

*Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (citations omitted). Defendant has set forth no arguments that Plaintiff's requested fee under the lodestar calculation is unreasonable. Plaintiff's attorneys' fees request fully complies with Local Rule 54.3. *See* D.C.COLO.LCivR 54.3. In light of the foregoing, the nature of this case, and the affidavits in Plaintiff's motion, I find that Plaintiff's attorneys' requested hours and rates are reasonable.

---

distinguished from the term costs, which is a subset of expenses. *See generally* 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2666 (3d ed. 1998). Costs are those expenses specifically enumerated under 28 U.S.C. § 1920, and are taxable under Rule 54(d). Expenses other than costs are permissible as part of an attorneys' fee award. *Ramos*, 713 F.2d at 559; *Brown v. Gray*, 227 F.3d 1278, 1297–98 (10th Cir. 2000). Thus, the money to which Plaintiff requests beyond her attorneys' hourly rates in her motion for attorneys' fees is a request for expenses, not costs. Since these expenses are part of an attorneys' fees award, I address attorneys' fees and expenses together in this analysis.

-4-

Likewise, I find that Plaintiff's attorneys' requested expenses are normally billed to private clients in this legal market and that these expenses are reasonable. *See Ramos*, 713 F.2d at 559 (requiring prevailing party to show that expenses are reasonable and are normally "billed in addition to the hourly rate."

The calculation of attorneys' fees under the lodestar method, however, "does not end the inquiry." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The court must next consider the "results obtained" by the plaintiff. *Id.* This analysis requires that I first address the issue of whether "plaintiff fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded," and then address the issue of whether "plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Id.*

Regarding the first issue, as the United States Supreme Court explained, in some cases

> the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Hensley*, 461 U.S. at 434. This description aptly describes the claims in the present case. Plaintiff's mixed-motive claim and Plaintiff's terms and conditions claim involved a common core of facts and related legal theories. Thus, I look to the significance of the overall relief obtained by Plaintiff, bearing in mind that Plaintiff did not prevail on one of her two claims.

A plaintiff's degree of success, under *Hensley*, is either an excellent success or a partial success. A plaintiff need not "prevail on every contention raised in the lawsuit" to have an

excellent result. *Hensley*, 461 U.S. at 435. Rather, it is the result that matters. *Id.* If a plaintiff has an excellent result, the attorney should recover a fully compensatory fee. *Id.*[2]

"If, on the other hand, a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Id.* at 436. In such situations, "[t]here is no precise rule or formula for making these determinations." *Id.* The District Court may, in its discretion, award (1) all of Plaintiff's requested fees, (2) "identify specific hours that should be eliminated," or (3) simply reduce the award to account for the limited success of the Plaintiff. *Durant v. Indep. Sch. Dist. No. 16*, 990 F.2d 560, 566 (10th Cir. 1993); *see also Hensley*, 461 U.S. at 436–37.

Here, Plaintiff (1) received neither damages nor any other relief on her successful claim, and (2) prevailed on only one of her two claims for relief. I reduce Plaintiff's award on both grounds. Regarding the former ground, in *Gudenkauf*, discussed above, the Tenth Circuit affirmed the District Court's decision to reduce the plaintiff's attorneys' fees request in these circumstances by fifty percent. *Gudenkauf*, 158 F.3d at 1084–85. Regarding the latter ground, in a case where the plaintiff who prevailed on one of his claims for relief but not on his other related claims for relief, the Tenth Circuit affirmed a district court's decision to reduce the plaintiff's attorneys' fees award by thirty percent in light of the plaintiff's limited success. *Iqbal v. Golf Course Superintendents Ass'n of Am.*, 900 F.2d 227, 228 (10th Cir. 1990). Under *Gudenkauf*, *Iqbal*, the foregoing analysis, and in light of the procedural history of this case, I conclude that

---

[2] It is worth noting that despite Defendant's arguments to the contrary, I do not consider its Rule 68 offer of judgment in determining Plaintiff's degree of success. *See Gudenkauf*, 158 F.3d at 1083–84 (holding that a district court should not reduce award in a mixed motive case in light of a Rule 68 offer of judgment).

Plaintiff's attorneys' fees award should be reduced by sixty percent to reflect Plaintiff's limited success. Accordingly, Plaintiff is entitled to attorneys' fees and expenses of $64,513.49.

3.   *Defendant's Motion for Expert Fees*

Defendant moves for its expert fees for Dr. Susan Bograd and Jordan Rohde, defense expert witnesses who testified at trial on the issue of damages. (Def.'s Mot. for Expert Fees.) Defendant avers that its request is proper under (1) 42 U.S.C. § 2000e–5(k) and (2) Rule 68. (*Id.*) I address each argument in turn.

Defendant first argues that since Plaintiff did not receive damages on her discriminatory termination claim, Defendant is entitled to its expert fees under 42 U.S.C. § 2000e–5(k) because it was the "prevailing party on all damage claims." (*Id.* at 1–2.) This argument is meritless. 42 U.S.C. § 2000e–5(k) provides in pertinent part that: "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs." 42 U.S.C. § 2000e–5(k) (2004). Although the "prevailing party" can be either the plaintiff or the defendant, under the United States Supreme Court case of *Christiansburg Garment Co. v. EEOC*, when the defendant prevails, a district court may only award attorneys' fees upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978).[3] Defendant does not contend that Plaintiff's action was frivolous, unreasonable, or without foundation. (Def.'s Mot. for Expert Fees.) Rather, Defendant's argues that it is entitled

---

[3] Since Defendant prevailed on one of the claims, I will assume, *arguendo*, that Defendant is the prevailing party in the following analysis. Accordingly, I do not discuss the fact in the following analysis that Defendant is not the prevailing party on one of Plaintiff's claims.

to these expert fees in spite of *Christiansburg* because these expert fees are "costs" under 42 U.S.C. § 2000e–5(k) as opposed to "attorneys' fees." (Def.'s Mot. for Expert Fees. at 1–2.)

Defendant's argument is contrary to the express language of 42 U.S.C. § 2000e–5(k) that includes expert fees as a part of attorneys' fees. 42 U.S.C. § 2000e–5(k). Moreover, a review of cases where courts grant expert fees to a prevailing defendant are cases that fall within the purview of *Christiansburg*. *See, e.g., Jerelds v. City of Orlando*, 194 F. Supp. 2d 1305 (M.D. Fla. 2002) (holding that defendant is entitled to expert fees when plaintiff's action was frivolous); *Stewart v. Burlington N. Santa Fe R.R.*, 31 F. Supp. 2d 1243, 1244 (W.D. Wash. 1999) (same). Furthermore, the cases that Defendant cites in support of its argument stand for the proposition that a prevailing defendant in a Title VII case is entitled to costs, i.e. costs permissible under Rule 54(d) and 28 U.S.C. § 1920. *Byers v. Dallas Morning News, Inc.*, 209 F.3d 419, 430 (5th Cir. 2000); *Cosgrove v. Sears, Roebuck & Co.*, 191 F.3d 98, 101–02 (2d Cir. 1999); *Delta Air Lines, Inc. v. Colbert*, 692 F.2d 489, 490–91 (7th Cir. 1982); *Nat'l Org. for Women v. Bank of California*, 680 F.2d 1291, 1294 (9th Cir. 1982). These cases do not stand for the proposition that a prevailing defendant is entitled to expert fees. *Id.* In light of the foregoing, Defendant is not entitled to expert witness fees.

Defendant's second argument is that it is entitled to expert fees for the time period after it made its offer of judgment, pursuant to Rule 68. (Def.'s Mot. for Expert Fees at 3–4.) Defendant's argument as to this point likewise fails. Rule 68 provides in pertinent part that

> [a]t any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money . . . specified in the offer, with costs then accrued. . . . If the judgment finally obtained by the offeree is not more favorable

> than the offer, the offeree must pay the costs incurred after the
> making of the offer.

Fed. R. Civ. Proc. 68 (2004). Defendant may receive costs under Rule 68. Fed. R. Civ. Proc. 68. Costs in Rule 68 are defined in the same way that costs are customarily defined, referring "to all costs properly awardable under the relevant substantive statute or other authority." *Marek v. Chesny*, 473 U.S. 1, 9 (1985). As set forth above, expert fees are not costs a prevailing defendant is entitled to in a Title VII case. Thus, Defendant is not entitled to expert fees under Rule 68. Accordingly, I deny Defendant's motion for expert fees.

### 4. *Review of Taxation of Costs*

Both parties request a review of the clerk's decision regarding costs. (Pl.'s Costs Mot.; Def.'s Costs Mot.) Rule 54(d)(1) provides that

> costs other than attorneys' fees shall be allowed as of course to the
> prevailing party unless the court otherwise directs. . . . Such costs
> may be taxed by the clerk on one day's notice. On motion served
> within 5 days thereafter, the action of the clerk may be reviewed
> by the court.

Fed. R. Civ. Proc. 54(d)(1) (2004). The party seeking costs bears the burden of establishing "the amount of compensable costs and expenses to which it is entitled and assumes the risk of failing to meet that burden." *Allison v. Bank One-Denver*, 289 F.3d 1223, 1248–49 (10th Cir. 2002). Once the clerk has made his decision regarding the taxation of costs, "the party objecting to the clerk's taxation has the burden of persuading the court that it was improper." 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2679 (3d ed. 1998); *BDT Prods., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 420 (6th Cir. 2005).

Here, Plaintiff is entitled to her costs "related to her claim of discriminatory treatment,"

and Defendant "is entitled to its costs regarding [P]laintiff's terms and conditions of employment claim." (Am. Final J.) Although both parties claim in their briefings that the particular deposition testimony to which they are requesting costs was specifically directed at the claim on which they prevailed, neither party has provided specific citations to trial testimony to support their respective contentions. (Pl.'s Costs Mot.; Def.'s Costs Mot.) It is not this court's role to parse the record in search of evidence which shows which witness' testimony was directed at which claim. Since the party objecting to the clerk's taxation of costs bears the burden of persuading the court that the clerk erred, *BDT Prods.*, 405 F.3d at 420; 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2679 (3d ed. 1998), and neither party has met that burden, I deny both motions objecting to the clerk's taxation of costs.

5. *Conclusion*

Based on the foregoing it is therefore

ORDERED as follows:

1. Plaintiff's motion for Attorneys' Fees and Costs (# 87) is GRANTED in part and DENIED in part. Plaintiff is entitled to attorneys' fees and expenses of $64,513.49.

2. Defendant's Motion for Costs (# 88) is DENIED.

3. Plaintiff's Motion to Review Taxation of Costs (# 95) is DENIED.

4. Defendant's Motion to Review Taxation of Costs (# 97) is DENIED.

Dated this 28th day of July, 2005.

BY THE COURT:

s/Edward W. Nottingham
EDWARD W. NOTTINGHAM
United States District Judge